UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD COLE BURCHETT,<br><br>              Petitioner,<br><br>   vs.<br><br>OZZIE D. KNEZOVICH,<br><br>              Respondent. | NO.  CV-08-045-JLQ<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE |

   BEFORE THE COURT is Petitioner's First Amended Petition pursuant to 28 U.S.C. § 2254 (Ct. Rec. 10).  Mr. Burchett, a prisoner at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis*.  Petitioner challenges the validity of his 2001 King County Superior Court judgment and sentence.  He was convicted on a plea of "nolo contendere" of communicating with a minor for immoral purposes, second degree assault with sexual motivation and second degree kidnaping.  His sentence was 70 months.

   Petitioner now claims he was falsely led to plead guilty because the second amended information did not "match up" to the judgment and sentence.   He believes the King County judgment and sentence is invalid due to "clerical errors" and this should excuse him from any sex offender registration requirement.  To the extent Mr. Burchett's present incarceration is based on his failure to register he would need to demonstrate he

ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE -- 1

has properly exhausted any claim regarding his present incarceration as enhanced by the King County judgment and sentence to the Washington State Supreme Court. He has not done so.

Petitioner indicates he did not get a copy of his King County Judgment and Sentence until 2003. He claims he attempted to contact his attorney regarding the alleged error, but received no response. He states he filed a motion for review which was denied and then a "PRP." He claims that in 2006 his community corrections officer told Petitioner to "leave the case alone," allegedly threatening to "violate" Petitioner if he brought it up. Petitioner contends this prevented him from filing. Petitioner does not describe the efforts he has made to present his claims in the Washington state courts since his present incarceration.

Before a federal court will consider the merits of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the State Supreme Court. A state prisoner must exhaust state Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Bland v. Calif. Dept. of Corrections*, 20 F.3d 1469, 1472 (9th Cir. 1994). The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

A claim is considered exhausted when it has been fully and fairly presented to the state Supreme Court for resolution under federal law. *Anderson v. Harless*, 459 U.S. 4 (1982); *Harris v. Pulley*, 852 F.2d 1546, 1569-71 (9th Cir. 1988), *opinion amended on other grounds and superseded by* 885 F.2d 1354, *cert. denied,* 493 U.S. 1051 (1990). Moreover, a petitioner seeking relief must have presented each claim to the state

ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE -- 2

Supreme Court based upon the same federal **legal** theory and the same **factual** basis asserted in the federal petition. It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is fulfilled. *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); *Schiers v. People of State of California*, 333 F.2d 173 (1964). Contrary to Petitioner's assertion, it does not appear from the face of the First Amended Petition that Mr. Burchett has properly exhausted his claims to the Washington State Supreme Court.

Accordingly, **IT IS ORDERED** the First Amended Petition is **DISMISSED without prejudice** for failure to exhaust. Without passing judgment on the merits or timeliness, Petitioner may pursue his claims in state court and once he has exhausted such claims in the Washington State Supreme Court, he may then file a new habeas action, once again not ruling on the timeliness or merits thereof.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner, and close this file.

**DATED** this 15th day of July 2008.

                    s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE